## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RICOBENE and DEBRA RICOBENE, on behalf of plaintiffs and the class defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO: 10 C 04057 |
| OMNI CREDIT SERVICES OF FLORIDA, INC., | ) ) | Hon. Judge Lefkow |
| Defendant. | ) ) | Magistrate Judge Kim |

### OMNI CREDIT SERVICES OF FLORIDA, INC.'S
### ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant OMNI CREDIT SERVICES OF FLORIDA, INC. ("Omni"), for its answer to plaintiffs' Complaint, states as follows:

### INTRODUCTION

1. Plaintiffs James Ricobene and Debra Ricobene bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Omni Credit Services of Florida, Inc. Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

> **ANSWER:** Admit that Plaintiffs allege violations of the TCPA. Deny that Omni violated the TCPA or other laws. Deny all remaining allegations in ¶ 1.

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

> **ANSWER:** Omni states that this paragraph contains only legal conclusions to which no response is required. To the extent a response is required, Omni denies the allegations contained in ¶ 2.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1332(d).

> **ANSWER: Though Omni denies any violation of the TCPA, Omni admits federal court jurisdiction for any properly pled causes of action.**

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant transacts business within this District.

> **ANSWER: Omni admits that venue is proper here. Omni is without information or knowledge sufficient to form a belief as to where Plaintiffs received any collection communications from Omni. Omni admits that it transacts business within this District.**

## PARTIES

5. Plaintiffs James Ricobene and Debra Ricobene are individuals who reside in the Northern District of Illinois.

> **ANSWER: Admitted on information and belief.**

6. Defendant Omni Credit Services of Florida, Inc. is a corporation with offices at 4710 Eisenhower Blvd., Ste. B3, Tampa, FL 33634. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

> **ANSWER: Admitted.**

7. Omni Credit Services of Florida, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect alleged debts originally owed to others.

> **ANSWER: Omni denies that the allegations in this paragraph accurately characterize the nature and scope of Omni's business. Omni admits that a significant portion of its business includes the collection of debts. Omni denies the remaining allegations, if any, contained in ¶ 7**

## FACTS

8. Defendant has been attempting to collect from plaintiffs an alleged debt originally owed to American Express.

> **ANSWER: Omni admits attempting to collect an alleged debt incurred by Plaintiffs. Omni denies that it ever tried to collect a debt plaintiff**

2

owed to American Express, and deny all remaining allegations contained in ¶ 8.

9. On December 28, 2009, March 25, 2010, and possibly other occasions, plaintiffs received automated telephone messages placed by or at the direction of defendant on their cell phones seeking to collect the alleged debt.

**ANSWER: Omni denies that it used an automated telephone messages or an automatic telephone dialing system to call the plaintiffs on their cell phones. Omni admits on information and belief that it called a plaintiff at a telephone number ending in 9517 by manually dialing the number on December 28, 2009. Omni denies the remaining allegations in ¶ 9, including the allegation that Omni tried to collect a debt plaintiffs owed to American Express.**

10. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

**ANSWER: Omni denies that it called plaintiffs on their cell phones using a predictive dialer. Omni denies all remaining allegations in ¶ 10.**

11. Plaintiffs did not authorize the automated placement of calls to their cell phones.

**ANSWER: Omni denies the allegations contained in ¶ 11.**

12. Plaintiffs did not furnish their cell phone numbers to defendant or the putative creditor.

**ANSWER: At present, Omni lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 12.**

### COUNT I — TCPA

13. Plaintiffs incorporates paragraphs 1-12.

**ANSWER: Omni incorporates its previous answers to the above paragraphs.**

14. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

3

> **(1) Prohibitions.** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
>
>> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
>>
>>> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...

  ANSWER: Omni admits that ¶ 14 of Plaintiffs' Complaint attempts to paraphrase or quote certain portions of the TCPA. In further answering, Omni denies that it violated the TCPA and denies the remaining allegations, if any, of ¶ 14 of Plaintiff's Complaint

15. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

> **(A)**  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)**  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

  ANSWER: Defendant admits that ¶ 15 of Plaintiffs' Complaint attempts to paraphrase or quote certain portions of the TCPA. In further answering, Omni denies that it violated the TCPA and denies the remaining allegations, if any, of ¶ 15 of Plaintiff's Complaint

16. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phones.

    **ANSWER:** **Denied.**

17. Each plaintiff and class member is entitled to statutory damages.

    **ANSWER:** **Denied.**

18. Defendant violated the TCPA even if their actions were only negligent.

    **ANSWER:** **Denied.**

19. Defendant should be enjoined from committing similar violations in the future.

    **ANSWER:** **Denied.**

## CLASS ALLEGATIONS

20. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes assigned to Illinois (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant attempting to collect an alleged debt originally owed to American Express (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

    **ANSWER:** **Admit that Plaintiffs' purport to bring claims under the TCPA on behalf of the class defined in ¶ 20. Deny that a class exists or that a class should be certified. Deny all remaining allegations in ¶ 20.**

21. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

    **ANSWER:** **Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph.**

22. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell phone numbers;

    c. Whether defendant thereby violated the TCPA;

    **ANSWER: Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph.**

23. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

    **ANSWER: Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph.**

24. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

    **ANSWER: Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph.**

25. Several courts have certified class actions under the TCPA. *Sadowski v. Medl Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Il1., May 27, 2008); *Hinman v. M & M Rental Ctr.,* 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv,* 03 CH 15615 (Cir.

Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC,* 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. lst Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So. 2d 510 (La. App. lst Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.,* 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see *State of Texas v. American Blast Fax, Inc.,* 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

        **ANSWER:** **Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph.**

26.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        **ANSWER:** **Deny that a class exists or that class should be certified. Deny all remaining allegations in this paragraph. \\**

7

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief that they seek, and requests that this Honorable Court enter judgment in its favor and against Plaintiff.

        Respectfully submitted

        Counsel for Defendant,
        OMNI CREDIT SERVICES OF
        FLORIDA, INC.

        */s/ Daniel R. Degen*
        David M. Schultz
        Peter E. Pederson
        Daniel R. Degen
        ARDC No. 6296199
        Hinshaw & Culbertson LLP
        222 North LaSalle, Suite 300
        Chicago, IL 60601
        tel: 312-704-3000
        fax: 312-704-3001
        ddegen@hinshawlaw.com

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

1. Some or all members of the alleged plaintiff classes consented to being called on their cell phones. Calls made to the cell phones of such class members could not violate the TCPA. 47 U.S.C § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2. This affirmative defenses is asserted in the alternative to Omni's argument that lack of consent is an element of a TCPA claim as to which plaintiff bears the burden of proof and production.

### THIRD AFFIRMATIVE DEFENSE

1. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as:

    equipment which has the capacity—

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers. 47 U.S.C. § 227(a).

2. Omni's telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

3. Because Omni did not use an "automatic telephone dialing system" within the meaning of the TCPA, Omni did not violate the TCPA.

### FOURTH AFFIRMATIVE DEFENSE

9

1. The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA provides for the trebling damages if the violation was willful.

2. If, for the sake of argument, a TCPA class were certified and the class contained several thousand people, Omni's liability to the class could potentially be so great as to result in its insolvency.

3. The due process clause of the Fifth Amendment to the U.S. Constitution prohibits an award of damages that would result in Omni's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the plaintiff or class members.

## FIFTH AFFIRMATIVE DEFENSE

1. Omni Credit Services of Florida, Inc. does not collect debts for American Express.

2. Omni Credit Services of Florida, Inc. may be an incorrectly named party to this action.

WHEREFORE, Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., respectfully requests that this Court deny the relief sought in Plaintiffs' Complaint, enter judgment in defendant's favor and against plaintiff, deny class certification and dismiss the class claims without prejudice, and award defendants its costs.

| | |
|---|---|
| David M. Schultz | Omni Credit Services of Florida, Inc. |
| Peter E. Pederson | |
| Daniel R. Degen | |
| HINSHAW & CULBERTSON LLP | By: /s/ Daniel R. Degen |
| 222 N. LaSalle Street | One of its Attorneys |
| Suite 300 | |
| Chicago, Illinois 60601 | |
| (312) 704-3000 | |
| **Fax:** (312) 704-3001 | |
| dschultz@hinshawlaw.com | |
| ppederson@hinshawlaw.com | |
| ddegen@hinshawlaw.com | |

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on September 15, 2010 he served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to all counsel of record.

                                                              /s/ Daniel R. Degen_____

### **Service List**

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Green
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603